# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HEATHER POWELL, individually and as mother, next friend and guardian of ELIZABETH KILEY EATON, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-18-690-D |
| CORRECTIONAL HEALTHCARE MANAGEMENT, INC., and ARMOR CORRECTIONAL HEALTH SERVICES, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Armor Correctional Health Services, Inc. ("Armor"). [*Powell II*, Doc. No. 19]. Plaintiff, who is represented by counsel, has not filed a response nor requested additional time in which to do so. Thus, the matter is fully briefed and at issue.

## BACKGROUND

*CIV-18-690-D – Powell II*

This case arises out of a suicide attempt by Elizabeth Kiley Eaton while she was a pretrial detainee at the Oklahoma County Jail on June 29, 2016. Because of the suicide attempt, Ms. Eaton was rendered comatose and remains in a vegetative state. Plaintiff Heather Powell – as Eaton's mother, next friend, and duly appointed guardian and as an individual – asserts claims against Armor and Correctional Healthcare Management, Inc. ("CHM") for negligence and for alleged violations of Ms. Eaton's constitutional rights.

Plaintiff alleges that Armor and CHM were contracted by the Oklahoma County Board of County Commissioners ("BOCC") and the Oklahoma County Sheriff's Department to provide medical care to inmates at the Oklahoma County Jail.

This action commenced in Oklahoma County District Court on June 26, 2018. [*Powell II,* Doc. No. 1-1]. Armor removed the case to federal court on July 17, 2018 and filed a motion to dismiss. [*Powell II,* Doc. Nos. 1, 4]. On August 15, 2018, Chief Judge Joe Heaton transferred the case to the undersigned as a related or companion case to CIV-18-294-D (*Powell I*). [*Powell II*, Doc. No. 9].

During the pendency of Armor's motion to dismiss, Plaintiff filed an Amended Complaint on October 2, 2018 [*Powell II*, Doc. No. 17]. Thus, Armor's motion to dismiss directed at the Petition was denied as moot. [*Powell II*, Doc. No. 18]. On October 16, 2018, Armor filed a motion to dismiss Plaintiff's Amended Complaint. [*Powell II*, Doc. No. 19]. This motion is at issue.

*CIV-18-294-D – Powell I*

Meanwhile, Plaintiff has another action pending before the undersigned concerning the same set of operative facts that are at issue here. That case, CIV-18-294-D, originated in Oklahoma County District Court on December 15, 2017. [*Powell I*, Doc. No. 1-1]. Plaintiff filed suit against Oklahoma County, the Oklahoma County Jail, former Oklahoma County Sheriff John Whetsel ("Whetsel"), BOCC, CHM, and John Doe. Oklahoma County, Oklahoma County Jail, Whetsel and BOCC removed the case to federal court on April 2, 2018. [*Powell I,* Doc. No. 1].

Some of the defendants filed motions to dismiss the Petition. During the pendency of the motions, Plaintiff filed an Amended Complaint on July 19, 2018. [*Powell I*, Doc. No. 18]. Thus, the defendants' motions directed at the Petition were denied as moot. [*Powell I*, Doc. No. 19]. The Amended Complaint added Armor and nine John Does as defendants. The record reflects that Armor has not been served. Some of the defendants have filed motions to dismiss Plaintiff's Amended Complaint. [*Powell I*, Doc. Nos. 21-23]. The motions are pending.

## DISCUSSION

In the present action, Armor moves to dismiss on numerous grounds. The Court considers one ground to be dispositive; thus, the Court will address only that ground. Armor asserts that this suit is duplicative of CIV-18-294-D (*Powell I*), which also names Armor as a defendant and involves the same set of facts and claims.

Although no precise rule has evolved, the general principle is to avoid duplicative litigation between federal district courts. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (*citing Colorado River*, 424 U.S. at 817); *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (recognizing that a district court may dismiss a suit "for reasons of wise judicial administration … whenever it is duplicative of a parallel action already pending in another federal court.").

The doctrine against duplicative litigation is designed to "protect parties from 'the vexation of concurrent litigation over the same subject matter.'" *Curtis*, 226 F.3d at 138 (*quoting Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) and *comparing* the doctrine to the related doctrine of claim preclusion). A court presented with a duplicate suit may stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions. *Curtis*, 226 F.3d at 138 (citing to cases that utilized each remedy).

When considering the problems that can arise from multiple federal filings, the Court should give "regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). This is not a rigid test, but one that requires the Court to consider the equities of the situation when exercising discretion. *Id.* at 183-184.

Plaintiff's Amended Complaint [*Powell II*, Doc. No. 17] in this action and Plaintiff's Amended Complaint in CIV-18-294-D [*Powell I*, Doc. No. 18] involve the same parties, concern the same claims, and seek the same remedies. Thus, the Court finds they are duplicative.

Further, the circumstances of this case militate in favor of dismissal. "It is well-settled that a plaintiff may 'not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'" *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002) (*quoting Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)). In that regard, a court "must [ensure] that

4

the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." *Id.*

In CIV-18-294-D (*Powell I*), some of the defendants filed motions to dismiss on April 3, 2018 [*Powell I*, Doc. Nos. 4-6], which presumably started the 21-day period in which to amend. FED. R. CIV. P. 15(a)(1)(B) (allowing an amendment once as a matter of course within 21 days "after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) …, whichever is earlier."). Plaintiff sought leave of the Court to file an Amended Complaint on June 26, 2018. [*Powell I*, Doc. No. 14]. Plaintiff's request was unopposed, but the Court struck Plaintiff's request for failure to comply with LCvR 7.1(k). [*Powell I*, Doc. No. 15]. On July 10, 2018, Plaintiff again sought unopposed leave to file an Amended Complaint. [*Powell I*, Doc. No. 16]. The Court granted Plaintiff's request on July 12, 2018 [*Powell I*, Doc. No. 17], and Plaintiff filed her Amended Complaint on July 19, 2018 [*Powell I*, Doc. No. 18]. This mooted the defendants' motions directed at the Petition. [*Powell I*, Doc. No. 19]. On July 26, 2018, some of the defendants moved to dismiss Plaintiff's Amended Complaint [*Powell I*, Doc. Nos. 21-23]. Thus, the 21-day period under FED. R. CIV. P. 15(a)(1) began again, and that period expired on August 16, 2018.

Plaintiff should not be able to circumvent the rules pertaining to the amendment of complaints by filing duplicative actions. If the Court were to allow such a practice here, Plaintiff would unfairly benefit from the filing of her Amended Complaint in this case on October 2, 2018, which set forth additional alleged facts with respect to her claims against Armor. *See Zisumbo v. Ogden Reg'l Med. Ctr.*, Case No. CV-12-91-TS, 2012 WL

5

4795655, at *3 (D. Utah Oct. 9, 2012) (denying the plaintiff's motion to consolidate where the plaintiff attempted to circumvent the requirements for an amendment).

Further, a review of Plaintiff's Amended Complaint in this case reveals that she could have asserted the additional facts in question at the time of the filing of the Amended Complaint in *Powell I*. *See Anderson v. Nat'l City Bank*, Case No. CV-07-1556-LTB, 2007 WL 3342576, at *2 (D. Colo. Nov. 8, 2007) (the plaintiff should have been able to assert his claims in this case at the time of the filing of the complaint in the related first case; thus, dismissal is warranted). When Plaintiff filed her Amended Complaint in *Powell I*, the New York State Attorney General's lawsuit against Armor over the deaths of 12 inmates had been pending for two years.[1] [*Powell II*, Doc. No. 17 at ¶ 73]. Further, the $7.9 million jury verdict against Armor had been returned more than a year prior.[2] [*Powell II*, Doc. No. 17 at ¶ 69]. None of this was new information.

Moreover, Armor has not been served in *Powell I*. The Amended Complaint in *Powell I*, which added Armor as a party, was filed on July 19, 2018. [*Powell I*, Doc. No. 18]. Under FED. R. CIV. P. 4(m), the Court must dismiss claims against any defendant that is not served within 90 days of the complaint being filed, unless Plaintiff shows good cause for the failure; the 90 days expired on October 17, 2018. To date, Plaintiff has offered no

---

[1] *See also* Alyssa Rege, *NY State Sues Armor Correctional Health Services Over 12 Inmate Deaths*, BECKER'S HOSPITAL REVIEW, July 13, 2016, https://www.beckershospitalreview.com/legal-regulatory-issues/ny-state-sues-armor-correctional-health-services-over-12-inmate-deaths.html.

[2] *Lilyann Ryan v. Armor Correctional Health Services, Inc., et al.*, United States District Court Eastern District of New York Case No. CV-12-5343-JS-SIL, Doc. No. 108 at 2-10.

explanation as to why Armor has not been served in *Powell I*, nor has Plaintiff responded to Armor's instant motion to dismiss in *Powell II*. Accordingly, the Court finds that dismissal of the instant suit is warranted.[3]

## CONCLUSION

For the foregoing reasons, Armor's Motion to Dismiss Plaintiff's Amended Complaint [*Powell II*, Doc. No. 19] is GRANTED.

IT IS SO ORDERED this 4th day of January 2019.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] The Court will issue a separate order in *Powell I* to Plaintiff to show good cause why service has not been made on Armor.